**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CITY OF HENDERSON, et al.,

Plaintiff(s),

v.

SPAN SYSTEMS, INC.,

Defendant(s).

2:12-CV-780 JCM (RJJ)

**ORDER**

Presently before the court is defendant Span Systems, Inc.'s motion to dismiss for failure to join an indispensable party pursuant to Fed. R. Civ. P. 19. (Doc. # 11). Plaintiffs, City of Henderson ("city") and The Travelers Indemnity Company ("Travelers") (collectively, "plaintiffs") filed a reply. (Doc. # 12). Defendant responded. (Doc. # 14).

**I. Background**

On or about August 7, 2001, non-party Clark & Sullivan Contractors, Inc. ("C&S") contracted with the city as a general contractor to build a city project in Henderson, Nevada, that included a tensioned fabric roof structure known as the Henderson Pavilion ("pavilion"). (Doc. # 1, ¶ 3).

On or about April 2, 2002, defendant entered into a contract with C&S to design and build the tensioned fabric roof structure at the pavilion. (Doc. # 1, ¶ 6). Non-party Steel Structures, Inc. contracted with C&S to perform defendant's obligation to construct some or all of the pavilion for defendant, but did not relieve defendant of its obligation to competently select materials and install

them. (*Id.*)

Defendant also performed the final tensioning of the tensioned fabric roof portion of the pavilion. (*Id.*) Defendant issued a ten-year warranty expressly promising to fix any damage caused to the tensioned fabric roof structured caused by any defect in design, product or workmanship. (*Id.*)

In the morning of May 10, 2010, the city's employees found a portion of a failed U-bolt that had fallen from the tensioned fabric roof structure. (Doc. # 1, ¶ 7). By the afternoon of May 10, 2010, the city's employees informed defendant of the failed U-bolt. (*Id.*)

On the night of May 10, 2010, or early morning of May 11, 2010, winds acted upon the tensioned roof structure but due to its condition, the structure could not withstand the gusts of wind. (Doc. # 1, ¶ 9). Plaintiffs allege that as a direct and proximate result the tensioned fabric roof failed, causing damages to the tensioned fabric roof structure in the amount of $224,912.93. (*Id.*)

The city made a demand for defendant to fix the pavilion within days of the damage caused by the winds. (Doc. # 1, ¶ 11). Defendant refused to fix the pavilion at its sole cost. (Doc. # 1, ¶ 12). Travelers paid for the damages incurred as required by its contract with the city. Traveler's paid $124,912.93 and the city paid its $100,000.00 deductible. (Doc. # 1, ¶ 13).

On May 10, 2012, plaintiff filed a complaint against defendant asserting breach of express warranty and negligence. (Doc. # 1). Plaintiffs allege that defendant breached its express ten-year warranty to the city. (Doc. # 1, ¶ 16). Plaintiffs further allege that defendant owed plaintiffs a duty to ensure that the pavilion was installed in conformity with the method set forth in the plans and specifications. (Doc. # 1, ¶ 26). Plaintiff seeks damages proximately caused by defendant.

## II.  Legal standard

The court construes defendant's motion to dismiss as a motion pursuant to Fed. R. Civ. P. 12(b)(7), dismissal for failure to join a party under Fed. R. Civ. P. 19, and Fed. R. Civ. P. 12(b)(1), dismissal for lack of subject matter jurisdiction. The thrust of defendant's motion is that plaintiffs have failed to join a necessary party, C&S, because it knows that joining C&S would destroy subject matter jurisdiction. As such, the primary attack by defendant lies within the confines of Rule 12(b)(7). Rule 12(b)(1) is implicated only if this court determines that the third party is, in fact,

necessary and must be joined.

Fed. R. Civ. P. 12(b)(7) provides that an action may be dismissed for failure to join a party under Fed. R. Civ. P. 19. In order to determine whether Rule 19 requires joinder of additional parties, the court may consider evidence outside the pleadings. *McShan v. Sherrill*, 283 F.2d 464, 464 (9th Cir. 1960); §1359 Motions to Dismiss–Failure to Join a Party Under Rule 19, 5C Fed. Prac. & Proc. Civ. § 1359 (3d ed.) (2012). With respect to motions under Rule 12(b)(7), "[t]he moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

Fed. R. Civ. P. 12(b)(1) provides for motions to dismiss for lack of subject matter jurisdiction. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988); *see also Gemini Ins. Co. v. Clever Const., Inc.*, CV. 09-00290 DAE-BMK, 2009 WL 3378593, at *2 (D. Haw. Oct. 21, 2009)

**III. Discussion**

Under Fed. R. Civ. P. 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED.R.CIV.P. 19(a)(1).

If the court finds an absent party is "required" under either of these tests, the court then determines whether joinder is feasible. *In re County of Orange*, 262 F.3d 1014, 1022 (9th Cir. 2001); *Martinez v. Clark County, Nev.*, 846 F. Supp. 2d 1131, 1147-48 (D. Nev. 2012). Rule 19(a) sets forth

James C. Mahan
U.S. District Judge

three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction. *See* FED.R.CIV.P. 19(a); *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)

Finally, if joinder is not feasible, the court determines under Rule 19(b)(3) whether the case can proceed without the absent party or whether the absent party is an "indispensable" party such that the court must dismiss the action. *Peabody W. Coal Co.*, 400 F.3d at 779. A party is indispensable under Rule 19(b) if in "equity and good conscience" the court should not allow the action to proceed in its absence. FED.R.CIV.P. 19(b); *see, e.g.*, *Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150, 1161 (9th Cir. 2002).

The factors to be considered under Rule 19(b) are: (1) the extent a judgment rendered in the person's absence might prejudice that person or other parties; (2) the extent to which prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe*, 910 F.2d at 558; *see also Gemini Ins. Co.*, 2009 WL 3378593, at *2-3.

The party moving to dismiss bears the burden of persuading the court that dismissal is warranted. *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999). Whether to dismiss lies within the court's discretion. *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

Here, defendant argues that C&S is a necessary party to this breach of warranty and negligence action because defendant is obligated to indemnify C&S for any claim arising out of defendant's work. Specifically, defendant contends that it will be forced to incur the cost of defending both itself in this action and concurrently C&S in an arbitration proceeding, for the same claimed damages.

Further, defendant argues that C&S's absence creates a substantial risk that defendant will incur multiple or inconsistent obligations. Defendant predicts that if it prevails in this action, it is all but guaranteed that plaintiffs will seek redress against C&S in a separate breach of contract action.

James C. Mahan
U.S. District Judge

Thus, it appears the defendant is moving under Rule 19(a)(1)(B) to establish that C&S is a necessary party.

The court disagrees. Joinder under Rule 19(a)(1)(B) is "contingent . . . upon an initial requirement that the absent party *claim* a legally-protected interest relating to the subject matter of the action," and "where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder [is] 'unnecessary.'" *Altmann v. Republic of Aus.*, 317 F.3d 954, 971 (9th Cir. 2002) (emphasis in original) (citing *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)) ("Subparts (I) and (ii) are contingent . . . upon an initial requirement that the absent party claim a legally-protected interest relating to the subject matter of the action."); *see also Fed. Deposit Ins. Corp. v. County of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) ("[The defendant] cannot claim that the [absent parties] have a legally-protected interest in the action unless the [absent parties] themselves claim that they have such an interest."); *see also Gemini Ins. Co.*, 2009 WL 3378593, at *4.

Here, defendant has represented that plaintiffs' counsel has indicated that they intend to arbitrate their claim against C&S. (Doc. # 11, 3:16-19). Thus, C&S is almost certainly aware of the instant action and has yet to assert its own interests. It is not necessary, therefore, under the circumstances to require C&S's joinder. Further, the court is skeptical that defendant is attempting to champion C&S's rights in filing the instant motion, especially in light of the fact that defendant seeks dismissal of the action due to lack of subject matter jurisdiction.

In addition, defendant argues that there is a substantial risk of conflicting outcomes because it will participate in arbitration if the city seeks action against C&S for the same damages. Thus, defendant argues, it may be prejudiced by being exposed to inconsistent rulings. Further, defendant contends that it will be obligated to pay damages twice.

To the extent that defendant claims it will be bound by inconsistent obligations; the court finds that these obligations arise under different theories of liability. One for defendant's alleged breach of an express warranty issued to the city and for its alleged negligence and the other based on a contract between C&S and the city. Thus, even if arbitration and this case were to proceed

James C. Mahan
U.S. District Judge

simultaneously, each proceeding's basis of liability varies from the other. Further, if the city and C&S begin arbitration during the pendency of the instant case, plaintiffs and/or defendant may move the court to stay the case pending resolution of the arbitration.

Also, to the extent that defendant believes it will be forced to pay damages twice does not withstand a gust of wind. If and when plaintiffs collect damages against defendant by way of its indemnification of C&S or in the instant action, plaintiffs will no longer have a claim. Thus, completion of one proceeding will moot the need to continue in the ongoing action once plaintiffs have been accorded relief.[1]

In conclusion, the court finds, within its discretion, that defendant has failed to meet its burden to demonstrate that C&S is a necessary party under Rule 19(a). *See Clinton*, 180 F.3d at 1088; *see also Shermoen*, 982 F.2d at1317. Because the court has made this determination, it need not evaluate whether C&S is "indispensable" under Rule 19(b). As such, there is no remaining issue with diversity jurisdiction and the court denies defendant's motion with respect to dismissal under Rule 12(b)(7).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Span Systems, Inc.'s motion to dismiss for failure to join an indispensable party pursuant to Fed. R. Civ. P. 19 (doc. # 11) be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

. . .

---

[1] Surely, plaintiffs may chose to continue litigating their breach of express warranty cause of action; however, the relief sought in the complaint is limited to money damages. If plaintiffs prevail in arbitration and are paid damages from that proceeding before conclusion of the instant action, plaintiff will no longer have a damages claim against defendant. Therefore, defendant will not be obligated to pay twice.

IT IS FURTHER ORDERED that plaintiffs' request for an oral argument (doc. # 13) be, and the same hereby is, DENIED as moot.

DATED December 14, 2012.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**