**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CITY OF HENDERSON, et al. ) | |
| Plaintiffs, ) | Case No. 2:12-cv-00780-JCM-NJK |
| vs. ) | ORDER REQUIRING SUPPLEMENTAL BRIEFING |
| SPAN SYSTEMS, INC., ) | (Docket No. 29) |
| Defendant. ) | |

Pending before the Court is the Defendant's motion to stay proceedings pending resolution of an arbitration. Docket No. 29. Plaintiffs filed a response and Defendant filed a reply. Docket Nos. 32, 33. For the reasons discussed below, the Court hereby **ORDERS** the parties to file supplemental briefs no later than February 14, 2013.

Defendant requests that the Court issue a stay pursuant to section 3 of the Federal Arbitration Act, acknowledging that "the facts of this matter present a novel question of law [and] Span has not been able to find any case law on point with the facts of this matter." Reply at 3-4. Nor does Plaintiff's response appear to rely on case law that is on-point. *See* Response at 2 (distinguishing two cases based on the facts before the Court).

Before the Court wades into a novel issue of law, it appears that an alternative basis for ruling may exist.[1] Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The Ninth Circuit has found such a stay may be proper when arbitration proceedings are on-going:

---

[1] The Court expresses no opinion at this time regarding the arguments already presented.

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or ***arbitral*** in character, and does not require that the issues in such proceedings are necessarily controlling of the action before it. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases before it.

*Mediterranean Enterps., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (emphasis added) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). In making such a ruling, the Court must consider a number of factors including, *inter alia*, whether the arbitration proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court. *See Leyva*, 593 F.2d at 864. Moreover, "if there is even a fair possibility that the stay . . . will work damage to some one else," a stay may be inappropriate absent a showing by the movant of "hardship or inequity." *See Landis*, 299 U.S. at 255.

The Court finds that the briefing does not adequately address the relevant issues or Ninth Circuit authority for a discretionary stay for the Court to make a ruling at this time. Accordingly, the Court orders the parties to file supplemental briefs no later than February 14, 2013 regarding:

(1) Whether the Court can order a stay of all claims before it based on its inherent authority without ruling on the parties' "novel" arguments regarding the Federal Arbitration Act; and

(2) Whether the relevant factors for such a stay militate in favor of staying this case.

IT IS SO ORDERED.

DATED this 6th day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

2