# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CITY OF HENDERSON, et al. | ) | |
| Plaintiffs, | ) | Case No. 2:12-cv-00780-JCM-NJK |
| vs. | ) | ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR HEARING |
| SPAN SYSTEMS, INC., | ) | (Docket Nos. 29, 30) |
| Defendant. | ) | |

Pending before the Court is the Defendant's motion to stay proceedings pending resolution of an arbitration. Docket No. 29 ("Mot."). Plaintiffs filed a response and Defendant filed a reply. Docket Nos. 32 ("Response"), 33 ("Reply"). On February 6, 2013, the Court ordered the parties to submit supplemental briefing regarding the propriety of entering a stay pursuant to the Court's inherent power. The Court has now received that supplemental briefing. Docket Nos. 35 ("Plas.' Suppl. Br."), 36 ("Def.'s Suppl. Br."). The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2.[1] Having considered the materials submitted and the arguments of counsel, the Court hereby **GRANTS** Defendant's motion to stay for the reasons discussed below.

**I.  Background**

This is an action for breach of warranty and negligence filed by the City of Henderson ("City") and its subrogee, Travelers Indemnity Company (collectively, "Plaintiffs") against Defendant Span Systems, Inc. ("Span").[2] The litigation arises out of alleged construction defects

---

[1] Accordingly, the motion for hearing at Docket No. 30 is **DENIED**.

[2] The background facts provided in this section are taken in significant part from District Judge Mahan's December 14, 2012 order denying Span's motion to dismiss. *See* Docket No. 22.

related to Span's work at the City of Henderson Pavilion ("Pavilion"). In particular, Clark & Sullivan Contractors ("Clark & Sullivan") was retained by the City to build the Pavilion. Clark & Sullivan then retained Span to design and build the fabric roof structure of the Pavilion. Clark & Sullivan and Span contracted with Steel Structures, Inc. ("Steel Structures") to supply "U-bolts" to secure the fabric roof.

On or about May 10, 2010, the City informed Span that a U-bolt had broken. Later that night, winds caused the roof to collapse. Plaintiffs claim that Span allowed Steel Structures to use U-bolts that failed to conform to the plans, which caused the roof to collapse.

Pursuant to the terms of their contract with Clark & Sullivan, Plaintiffs served an arbitration demand on Clark & Sullivan. *See* Def.'s Suppl. Br. Exh. C. Clark & Sullivan answered the demand and served a third-party complaint in arbitration against Span and Steel Structures. *See* Mot. Exh. C. Pursuant to the terms of their contract with Clark & Sullivan, Span agreed to indemnify Clark & Sullivan for liability arising out of Span's work under the contract. *See* Mot. Exh. D at 3. As such, Span is participating in the arbitration. *See* Mot. Exh. D. Steel Structures has also answered the third-party complaint in arbitration and is participating in the arbitration. *See* Mot. Exh. E.

Plaintiffs indicate that they need to maintain this litigation against Span because the breach of warranty claim is distinct from any duty Clark & Sullivan owed the City. *See* Response at 1-2. Plaintiffs are unable to bring a direct claim against Span in the arbitration and Span has otherwise refused to consent to adjudicating that claim in arbitration. *See* Response at 3.

**II.     Standards**

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The Ninth Circuit has found such a stay may be proper when arbitration proceedings are on-going:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or ***arbitral*** in character, and does not require that the issues in such proceedings are necessarily controlling of the action before it. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases before it.

*Mediterranean Enterps., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (emphasis added) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). In making such a ruling, the Court must consider a number of factors including, *inter alia*, whether the arbitration proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court. *See Leyva*, 593 F.2d at 864. Moreover, "if there is even a fair possibility that the stay . . . will work damage to some one else," a stay may be inappropriate absent a showing by the movant of "hardship or inequity." *See Landis*, 299 U.S. at 255.

**III.   Analysis**

The Court finds that staying this case pending arbitration is appropriate.[3] Unlike this matter in which Span is the only Defendant, all of the relevant parties are participating in the arbitration. Importantly, Plaintiffs do not–and cannot–dispute that the arbitration will resolve contentions that bear significantly on this case. As such, staying this matter pending arbitration promotes judicial efficiency and conserves the parties' resources.[4] Moreover, the arbitration is also proceeding with diligence and efficiency, and is scheduled to conclude within a reasonable time in relation to the urgency of the claims presented to the Court. The Arbitrator has provided a scheduling order regarding discovery and scheduled the arbitration hearing for October 14, 2013. *See* Def.'s Suppl. Br. Exh. E.

//

---

[3] The Court stays the case under its inherent power. The moving papers and reply brief sought a ruling on what was described as a "novel" issue of law regarding the Federal Arbitration Act. *See, e.g.*, Reply at 3-4. For the first time in its supplemental briefing, Defendant indicates that there is actually United States Supreme Court authority addressing that issue. *See* Def.'s Suppl. Br. at 2 (discussing *Arthur Anderson LLP v. Wayne Carlisle*, 556 U.S. 624 (2009)). The Court does not reach whether a stay is proper under the Federal Arbitration Act because the Court finds a stay appropriate under its inherent power and because Defendant failed to discuss that authority in its opening brief. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 871-72 (9th Cir. 2004) (refusing to reach argument raised for first time in reply brief).

[4] To the extent there is a risk of inconsistent rulings, the stay also reduces that risk. *See Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1114-15 (C.D. Cal. 2002); *see also* Docket No. 22 (noting risk of inconsistent rulings is lessened by fact that theories of liability differ in arbitration and this litigation, but indicating parties could move to stay this case in the event arbitration claim proceeded).

1    Nor have Plaintiffs explained how granting the stay will work damage to them.  Plaintiffs
2 argue simultaneously that they would like Span to agree to arbitrate the direct claims against it,
3 Plas.' Suppl. Br. at 2, 6-7, and that the Court should not "give short shrift to the City's choice of
4 forum: this Court." Plas.' Suppl. Br. at 2.  The Court fails to understand how it gives short shrift to
5 the City's choice of forum when the City itself desires to have its claims decided in arbitration.
6 Moreover, although Plaintiffs note that the instant action was commenced before the arbitration, the
7 resolution of the pending motion does not turn on that fact. *See, e.g.*, *Mediterranean Enterprises,*
8 *Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming stay of case while certain
9 counts were decided in arbitration); *see also id.* at 1461 & n.1 (request for arbitration filed February
10 16, 1981 and litigation commenced November 5, 1980).

11    Plaintiffs further argue that they will "necessarily be forced to litigate this matter
12 consecutively if a stay is imposed," resulting in added litigation expenses.  Plas.' Suppl. Br. at 2.
13 The Court disagrees.  As Judge Mahan previously noted, "[i]f and when plaintiffs collect damages
14 against defendant [Span] by way of its indemnification of C&S . . ., plaintiffs will no longer have a
15 claim.  Thus completion of one proceeding will moot the need to continue the ongoing action once
16 plaintiffs have been accorded relief." Docket No. 22 at 6.  "If plaintiffs prevail in arbitration and are
17 paid damages from that proceeding before the conclusion of the instant action, plaintiff will no
18 longer have a damages claim against defendant." *Id.* at 6 n.1.  As resolution of the arbitration may
19 moot this action, the Court disagrees with Plaintiffs' assertions regarding consecutive litigation and
20 expenses.

21    Accordingly, the Court concludes that the factors militate in favor of staying this action
22 pending arbitration.
23 //
24 //
25 //
26 //
27 //
28 //

## IV. Conclusion

For the reasons discussed above, the Court GRANTS Defendant's motion to stay this matter pending completion of arbitration. The parties shall file a joint status report with the Court no later than October 28, 2013. In the event the arbitration is not completed at that time, the parties shall indicate their positions on whether the stay should continue.

IT IS SO ORDERED.

DATED: March 15, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge